1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6
7

KLALEH J. PARKER,

Case No. 2:24-cv-02263-GMN-NJK

8

    Plaintiff,

**Order**

9

v.

[Docket No. 24]

10

HILTON GRAND VACATIONS
COMPANY LLC,

11
12

    Defendant.

13      Pending before the Court is the parties' stipulation to stay discovery pending the outcome

14  of Defendant's motion to compel arbitration.  Docket No. 24.

15      The Court has broad discretionary power to control discovery.  *See, e.g.*, *Little v. City of*

16  *Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  "The Federal Rules of Civil Procedure do not provide

17  for automatic or blanket stays of discovery when a potentially dispositive motion is pending."

18  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  The party seeking a stay of

19  discovery bears the burden of making a strong showing that discovery should be denied.  *Turner*

20  *Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).  Discovery may be stayed

21  when: (1) there is a pending motion that is potentially dispositive; (2) the potentially dispositive

22  motion can be decided without additional discovery; and (3) the Court has taken a "preliminary

23  peek" at the merits of the underlying motion.  *Kor Media Group, LLC v. Green*, 294 F.R.D. 579,

24  581 (D. Nev. 2013).  When the pending motion is one seeking to compel arbitration, a stay is

25  appropriate when the preliminary peek reveals that there is a reasonable possibility or probability

26  that the district judge will compel arbitration.  *See Shaughnessy v. Credit Acceptance Corp. of*

27  *Nev.*, 2007 WL 9728688, at *2-3 (D. Nev. Nov. 28, 2007) (granting motion to stay discovery based

28  on, *inter alia*, the "reasonable possibility or probability that the District Judge will grant

1  Defendant's motion to compel arbitration"). Courts frequently stay discovery pending resolution

2  of a motion to compel arbitration. *See, e.g., Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017

3  WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (collecting cases).

4      The Court agrees with the parties that these elements are present here. The motion is

5  potentially dispositive of the case and may be decided without discovery.[1]  Moreover, the

6  undersigned finds that there is a reasonable possibility or probability that the district judge will

7  grant the motion to compel arbitration.[2]

8      Accordingly, the Court **GRANTS** the stipulation to stay discovery pending the resolution

9  of Defendant's motion to compel arbitration. Docket No. 24. In the event the underlying motion

10  to compel is not granted, a joint discovery plan must be filed within 14 days of the resolution of

11  the motion to compel.

12      IT IS SO ORDERED.

13      Dated: August 5, 2025

14      _____

15      Nancy J. Koppe
       United States Magistrate Judge

16

17

18

19

20

21

22

---

23      [1] The parties disagree whether discovery is needed to decide the underlying motion to
       compel arbitration. Docket No. 24 at 2, n.1. The Court is not persuaded that discovery is required
24      for the resolution of the motion to compel.

25      [2] Conducting the preliminary peek puts the undersigned in an awkward position because
       the assigned district judge will decide the motion to compel and may have a different view of its
26      merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of
       the motion to compel is not intended to prejudice its outcome. *See id.* As a result, the undersigned
27      will not provide a lengthy discussion of the merits of the pending motion in this instance.
       Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying
28      motion and subsequent briefing. *See* Dockets Nos. 14, 21, 23.

2